to which the chemist testified. From the record presented, the court was of the opinion that the plaintiff made out a *prima facie* case, overcoming the presumption of correctness attaching to the collector's classification. Although there is not a chemist's analysis in the record of each of the items in question, the court was satisfied that all of the merchandise is in all material respects the same as the items on which an analysis had been made. Following Abstract 49907, the claim of the plaintiffs was sustained.

**No. 51434.**—Protests 41534–K, etc., of Products from Sweden, Inc., et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, NOVEMBER 27, 1946

**No. 51435.**—Protests 466285–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was sustained.

**No. 51436.**—Protests 522425–G, etc., of Julius Kayser & Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was sustained.

**No. 51437.**—Protests 543815–G, etc., of Julius Kayser & Co. (New York).

226

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of· *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was sustained.

**No. 51438.**—Protests 892041–G, etc., of Van Raalte Co. (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). In accordance therewith the claim of the plaintiff was sustained.

**No. 51439.**—Protests 612985–G, etc., of L. Foreman Fechtman & Co. et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51440.**—Protests 869734–G, etc., of Allied Stores Corp. et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, NOVEMBER 27, 1946

**No. 51441.**—Protest 114370–K of Giavi Co., Inc. (Cleveland).

Opinion by KEEFE, J. It was stipulated that the merchandise and issues herein are similar in all material respects to those involved in *United States* v. *Somerset* (33 C. C. P. A. 138, C. A. D. 328), and that a quantity of liquor amounting to 10 percent or more of the total contents of the various barrels, casks, packages, etc., was lost in transit from the port of exportation to the port of destination, because of breakage, leakage, or damage. In accordance therewith it was held that an allowance should have been made for the loss appearing upon the gauger's return as verified by the affidavit of the importer. The protest was sustained to this extent.

**No. 51442.**—Protests 721297–G, etc., of R. A. Lopez (New York).